VIRGINIA: IN THE CIRCUIT COURT OF GILES COUNTY

RUTH ANN VEACH )
)
    Plaintiff )
v. )
) COMPLAINT
MARY MOODY NORTHEN, Inc., )
)
    AND )
)
MARY MOODY NORTHEN ENDOWMENT, )
)
    AND )
)
MOUNTAIN LAKE, LLC., )
)
    Defendants. )

COMES NOW the Plaintiff, Ruth Ann Veach ("Plaintiff), by counsel, and for her Complaint against the Defendants, herein states as follows:

1. Plaintiff is, and was at the time of the events alleged herein, a resident of the state of Tennessee.

2. Defendants, The Mary Moody Northen Endowment and Mary Moody, Inc. (collectively referred to hereinafter as "Northen") are Texas Corporations having their principal offices located in Galveston, Texas.

3. Defendant Mountain Lake, LLC (Mountain Lake) was at the time of the events herein a limited liability company organized and operating under the laws of the Commonwealth of Virginia and having its principal office address at 115 Hotel Circle, Pembroke, Virginia.

4. Northen owns, and at the time of the events alleged herein owned, a tract of land located in Giles County and identified as Tax Map Parcel 31-1, along with improvements which include a hotel building and related structures. Upon information

GILMER, SADLER, INGRAM, SUTHERLAND & HUTTON, L.L.P. ATTORNEYS AT LAW PULASKI, VIRGINIA

and belief, at the time of the events alleged herein Mountain Lake, under an agreement with Northen, operated the hotel facility, including employing staff for the hotel and related functions.

5. On February 27, 2016, Plaintiff, along with her husband and daughter, were guests at the hotel and were also touring the hotel grounds in preparation for her daughter's wedding which was to take place at the hotel later in the year. Plaintiff and her family were business invitees of the Defendants and as such Defendants, as the owners and operators of the property and the hotel, owed duties to the Plaintiff to maintain the property in a reasonably safe condition for Plaintiffs visit and use, and to warn Plaintiff of any dangerous or defective conditions on the property. To the extent they were unable to remedy those dangerous or conditions, Defendants also owed duties to Plaintiff to remove from the property dangerous or defective conditions which they knew or should have known existed. Further, where they knew or should have known of the dangerous or defective conditions, including icy conditions, they owed a duty to direct Plaintiff away from those dangerous or defective conditions of which they knew or should have known.

6. Notwithstanding these duties, Defendants by and through their agents, servants and or employees failed to remove from the premises ice that had accumulated on a sidewalk on the property and compounded the failure to clear the ice by directing the Plaintiff to travel that sidewalk on her tour of the hotel facilities which was being guided by a hotel employee. While Plaintiff was exercising due care for her safety and was attempting to traverse a sidewalk to which she was directed by the hotel employee, Plaintiff slipped on ice that had accumulated on the sidewalk and fell on her left arm causing multiple severe fractures to her left forearm.

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

7. Defendants Northen and Mountain Lake in their own right and by and through their agents, servants and/or employees breached their duties to the Plaintiff in that they:

   a. failed to maintain the premises in a reasonably safe condition for Plaintiff's visit and use;

   b. failed to clear the premises of dangerous or defective conditions, including ice, of which they knew or should have known;

   c. failed to warn Plaintiff of dangerous or defective conditions, including ice, of which they knew or should have known.

   d. failed to direct Plaintiff away from dangerous or defective conditions which they knew or should have known;

   e. specifically directed Plaintiff to travel areas of the property on which they knew or should have known dangerous or defective conditions, including ice, existed;

   f. failed to train and instruct their employees to warn of and/or direct invitees away from dangerous or defective conditions on the property.

   g. failed to timely and thoroughly monitor and inspect the conditions of the property in light of the weather conditions then and there prevailing;

   h. were otherwise careless, negligent and reckless in their maintenance of the property.

7. As a direct and proximate consequence of the carelessness, negligence and reckless defendants as a foresaid, Plaintiff was caused to incur severe multiple fractures to her left forearm. Plaintiff was required to undergo hospital, surgical and other medical

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

Veach v. Mary Moody Northen, Inc.
Complaint
Page 3

Case 7:16-cv-00518-EKD   Document 1-2   Filed 11/04/16   Page 3 of 4   Pageid#: 8

care in order to repair the fractures. She has endured severe pain and anguish and has been limited in her ability to engage in her occupation and has been limited in her ability to engage in recreational pursuits and her quality of life has been severely and permanently impaired, and has she been permanently injured as result of Defendants' negligence, carelessness and recklessness.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

WHEREFORE, your Plaintiff, Ruth Ann Veach, demands judgment against the Defendants, jointly and severally, in the amount of $500,000.00, along with her court costs in this behalf expended, and such other and further relief as the Court may deem appropriate.

Respectfully submitted,<br>
RUTH ANN VEACH<br>
<br>
By _____<br>
Of Counsel

Timothy E. Kirtner, VSB# 36938
GILMER, SADLER, INGRAM, SUTHERLAND & HUTTON
65 East Main Street
P.O. Box 878
Pulaski, Virginia 24301
Tel: (540) 980-1360
Fax: (540) 980-5264

*Counsel for Plaintiff*

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

Veach v. Mary Moody Northen, Inc.
Complaint
Page 4

Case 7:16-cv-00518-EKD Document 1-2 Filed 11/04/16 Page 4 of 4 Pageid#: 9